**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-20929
(Summary Calendar)

ALFRED ALLIEE TAYLOR,

Plaintiff-Appellant;

versus

CHEVRON CHEMICAL COMPANY,

Defendant-Appellee.

On Appeal from the United States District Court
For The Southern District Of Texas
(CA-H-94-3556)

June 27, 1996

Before WIENER, EMILIO M. GARZA, and PARKER, Circuit Judges:

PER CURIAM[*]:

This appeal involves allegations by Plaintiff-Appellant Alfred Alliee Taylor that his employer, Defendant-Appellee Chevron Chemical Company, failed to promote him and constructively discharged him because of his sex in violation of Title VII. Chevron moved for summary judgment. The district court granted Chevron's motion. We affirm.

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

We review the grant of summary judgment motion de novo, using the same criteria used by the district court.[1]  We "review the evidence and inferences to be drawn therefrom in the light most favorable to the non-moving party."[2]  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3]

After reviewing the briefs, record, and relevant case law, we are unpersuaded by Taylor's arguments on appeal.  They merely reiterate his position before the district court.  In a thorough and well-reasoned opinion, the district court systematically addressed and rejected each of Taylor's arguments.  As we see no reason to repeat and can find no means to improve the opinion of the district court, we simply adopt that opinion.[4]  For the foregoing reasons, the judgment of the district court is, in every respect,

AFFIRMED.

---

[1] Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988).

[2] Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir.1986) (per curiam) (citing Southmark Properties v. Charles House Corp., 742 F.2d 862, 873 (5th Cir.1984)).

[3] Fed.R.Civ.P. 56(c).

[4] A copy of that opinion is attached hereto.